## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| OLIVIA T. CRUZ,<br><br>                                 Plaintiff,<br><br>        vs.<br><br>GEORGE V. CRUZ and<br>GUAHAN ACADEMY CHARTER<br>SCHOOL,<br><br>                           Defendants. | **Superior Court Case No. <u>CV0247-18</u>**<br><br><br>**DECISION AND ORDER<br>RE PLAINTIFF'S<br>COUNTER MOTION FOR<br>SUMMARY JUDGMENT** |

The Court here considers Plaintiff Olivia T. Cruz's ("Olivia") Counter Motion for Summary Judgment. The Court previously denied Defendant Guahan Academy Charter School's ("GACS") Motion for Summary Judgment, finding that genuine issues of material fact remain. Dec. and Order re Mot. Summ. J. (Oct. 14, 2019). In her opposition to GACS's Motion, Olivia also filed a Counter Motion for Summary Judgment. Oppositions to the Counter Motion were due on October 2, 2019, but neither defendant filed a written opposition.[1] The Court took Olivia's Counter Motion under advisement on October 16, 2019.

Olivia asks the Court to enter partial summary judgment on three discrete issues: (i) whether the unrecorded quitclaim deed between Defendant George V. Cruz ("George") and Olivia is valid, genuine, and properly executed as a matter of law; (ii) whether GACS paid George in accordance with Exhibit C of Olivia's Verified Complaint; and (iii) whether GACS and George are liable to Olivia on the unrecorded Quitclaim Deed. Finding that summary

---

[1] The failure to file a written opposition to a motion does not require a court to automatically grant the motion and is not dispositive of the motion itself. *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 28. Accordingly, this Court's decision is not guided by the defendants' non-filing.

ORIGINAL

judgment is proper on all issues except as to GACS' liability, the Court GRANTS IN PART and

DENIES IN PART Olivia's Counter Motion.

## I.   UNDISPUTED FACTS

1. On or about February 3, 2016, George conveyed real property in Barrigada, Guam to GACS. V. Compl., Ex. C (March 6, 2018); GACS Mot. Leave, Aff. Jacqui Cyrus, Ex. A (July 15, 2019).

2. George and GACS executed a Warranty Deed and recorded it with the Department of Land Management that day. V. Compl., Ex. C; GACS Mot. Leave, Aff. Jacqui Cyrus, Ex. A.

3. The Promissory Note attached to the Warranty Deed states that George sold this real property to GACS for $1,500,000. V. Compl., Ex. B.

4. Prior to George's conveyance to GACS, he executed a Quitclaim Deed conveying the same property to Olivia on September 27, 2007. *Id.*, Ex. A.

5. Olivia did not record the Quitclaim Deed prior to the recording of the Warranty Deed. *Id.* at ¶¶ 8, 10-11

## II.   LEGAL DISCUSSION

### A. Partial Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." GRCP 56(c). Partial summary judgment may be granted in order to narrow the scope of the trial. *See Gutierrez v. Charfauros*, 2002 Guam 7 ¶¶ 12-13. On a partial summary judgment motion, the Court looks to find "material facts that appear without substantial controversy." GRCP 56(d). These facts will be deemed established at trial.

ORIGINAL

*Id.* However, the Court views the evidence and draws all inferences in the light most favorable to the non-moving party. *Edwards v. Pacific Financial Corp.,* 2000 Guam 27 ¶ 7.

The Court therefore analyzes Olivia's proposed factual findings to ensure (a) there is no genuine issue of fact and (b) the fact is material. A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.,* 1997 Guam 10 ¶ 7. A fact is material if it is "relevant to an element of a claim or defense" and its resolution "might affect the outcome of the suit." *Id.* Finally, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." GRCP 56(e). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." GRCP 56(e).

## B. Whether the Unrecorded Quitclaim Deed is Valid, Genuine, and Properly Executed

Olivia first asks this court to find that the Quitclaim Deed between her and George is valid, genuine, and properly executed. The issue is material because the Quitclaim Deed is central to Olivia's claim that she is the true owner of the land in question. Furthermore, Olivia asserts that as a matter of law, there can no longer be a genuine issue of material fact as to the validity of the Quitclaim Deed:

> When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed therein, the genuineness and due execution of such instrument are deemed admitted, unless the answer denying be verified. (If the plaintiff relies upon a written instrument, in whole or in part, that fact shall be pleaded.)

7 GCA § 15601.

ORIGINAL

Here, Olivia's lawsuit is an action "brought upon a written instrument" because the lawsuit is brought upon the Quitclaim Deed. Furthermore, Olivia's Verified Complaint contains a copy of the Quitclaim Deed as Exhibit A. Finally, neither George nor GACS filed a Verified Answer, and neither George nor GACS denied the genuineness or due execution of the Quitclaim Deed in their non-verified Answers. They also did not file oppositions to the Counter-Motion. The Court finds that Olivia has satisfied the requirements of Section 15601 and that there is no genuine issue of material fact the Quitclaim Deed is valid, genuine, and properly executed.

C. **Whether GACS paid George in Accordance with the Verified Complaint**

Next, Olivia asks the Court to enter summary judgment as to the sale price of the conveyance from George to GACS. In her Verified Complaint, Olivia introduced a copy of the Promissory Note from GACS to George as Exhibit C. The Promissory Note was signed by GACS on February 2, 2016, and recorded with the Department of Land Management on February 3, 2016. The Promissory Note states that the sale price is $1.5 million. GACS' evidence confirms this amount. *See* GACS Mot. Leave, Aff. Jacqui Cyrus, Ex. A.

The sale price of the land is material because it affects Olivia's calculation of damages. The sale price also stands undisputed and also a matter of public record since February 2016 when it was recorded with the Department of Land Management. It is therefore appropriate for the Court to enter summary judgment on the sale price of the George-to-GACS conveyance.

D. **Whether George and GACS are Liable to Olivia on the Unrecorded Deed**

Finally, Olivia asks the Court to enter summary judgment as to the defendants' liability on the Quitclaim Deed. As a threshold matter, the fact that the Quitclaim Deed was unrecorded does not preclude George's liability on it. Guam statutory law makes clear that an unrecorded

ORIGINAL

instrument "is valid as between the parties thereto and those who have notice thereof." 21 GCA § 37105. Furthermore, the Guam Supreme Court has held that the recording of a deed is not essential to an effective conveyance of title. *See, e.g., Camacho v. Estate of Gumataotao*, 2010 Guam 1 ¶ 30. Hence, the lack of recording neither invalidates the conveyance nor relieves George of liability.

Summary judgment may be rendered on the issue of liability alone without determining damages. GRCP 56(c). On a motion for summary judgment, the moving party satisfies its burden by showing there is an absence of evidence to support the non-moving party's case. *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation*, 2012 Guam 2 ¶ 7 (citing *Celotext Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). There can be no genuine issue of material fact "if there is a complete failure of proof concerning an essential element of the nonmoving party's case." *Guam Sanko Transportation*, 2012 Guam 2 ¶ 8.

Having reviewed all filings related to this case, the Court finds that George has not established a genuine dispute about the existence, validity, or effect of the Quitclaim Deed. The general denials in George's Answer are not sufficient to defeat summary judgment because a non-moving party cannot merely rest on its pleadings to establish a genuine dispute. GRCP 56(e). It is therefore proper to enter summary judgment against George on the issue of liability, although the resulting damages remain an issue for trial.

However, it is not clear whether GACS owes any liability on the Quitclaim Deed because GACS may be a bona fide purchaser--a good faith real estate purchaser who is without actual or constructive notice of another's interest in the property. *See Taitano v. Lujan*, 2005 Guam 26 ¶ 27. If GACS is a bona fide purchaser, GACS will hold superior title to the land and will not be liable to Olivia. However, as the Court determined in its October 14, 2019 Decision and Order,

ORIGINAL

material facts remain as to whether GACS did have knowledge of the George-to-Olivia conveyance. Summary judgment against GACS on this issue is therefore improper.

## III. CONCLUSION

The validity of the Quitclaim Deed, the sale price of the George-to-GACS conveyance, and the fact of George's liability are material and undisputed; hence, the Court finds summary judgment proper on each of these issues. However, because a genuine dispute about material facts remains on the issue of GACS' liability to Olivia, the Court finds summary judgment improper on this issue. Olivia's Counter Motion for Summary Judgment is therefore GRANTED IN PART and DENIED IN PART.

SO ORDERED this 25th day of November 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Date:
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Gary Wayne Francis Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff Olivia T. Cruz
F. Randall Cunliffe, Esq., Law Offices of Cunliffe & Cook, for Defendant George V. Cruz
Jacqueline Taitano Terlaje, Esq., Law Office of Jacqueline Taitano Terlaje, P.C., for Defendant Guahan Academy Charter School

## ORIGINAL